UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHERYL CROCHET ET AL**              **CASE NO.  6:22-CV-01076**

**VERSUS**                                            **CHIEF JUDGE S. MAURICE HICKS, JR.**

**SEADRILL AMERICAS INC ET AL**   **MAGISTRATE JUDGE DAVID J. AYO**

## REPORT AND RECOMMENDATION

Now pending before the Court is a motion to remand filed by Plaintiffs Cheryl Crochet and Alexandria Crochet ("Plaintiffs"). (Rec. Doc. 13). This motion was referred to the undersigned Magistrate Judge for consideration and issuance of Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons expressed below, the undersigned recommends Plaintiffs' motion for remand be DENIED.

Plaintiffs are the surviving spouse and daughter of Christopher Crochet ("Crochet"), who tragically perished aboard the M/V WEST NEPTUNE ("Vessel") on March 18, 2021.[1] Plaintiffs allege that on that date, Crochet was a Jones Act seaman employed by defendant Franks Oilfield Services, LLC ("Franks") and was also a Jones Act employee of defendants Seadrill Americas, Inc. ("Seadrill") and LLOG Exploration Company, LLC and/or LLOG Bluewater

---

[1] Complaint (Rec. Doc. 1-1) at ¶¶ 3 – 4.

1

Holdings, LLC ("LLOG") when, on or about March 18, 2021, he began to experience the "hallmark symptoms" of a heart attack.[2] Plaintiffs claim Crochet repeatedly reported his symptoms to employees and supervisors aboard the Vessel, but his requests for medical attention went unanswered until he finally succumbed to cardiac arrest and died aboard the Vessel.[3]

Plaintiffs filed simultaneous, identical suits against Franks, Seadrill, LLOG, and their respective insurers in Louisiana's Fifteenth and Twenty-Second Judicial District Courts, asserting claims against Defendants pursuant to the saving to suitors clause, 28 U.S.C. § 1333(1). Plaintiffs assert claims under the law of admiralty or, alternatively, the Longshore Harbor Workers Compensation Act ("LHWCA").[4] 33 U.S.C. § 901, *et seq.* Plaintiffs further assert the alternative theories of negligence under Louisiana law and 33 U.S.C. § 905(b).[5]

Defendants removed each suit to the federal district court encompassing each Louisiana judicial district, resulting in identical suits pending before this Court and the U.S. District Court for the Eastern District of Louisiana.[6] Shortly after removal, Defendants filed a motion to transfer venue, seeking transfer of the instant suit to the Eastern District of Louisiana for eventual consolidation with

---

[2]     *Id.* at ¶¶ 3 – 4; Memorandum in Support of Motion ("Memo") (Rec. Doc. 13-1) at p. 2.
[3]     *Id.*
[4]     Complaint at ¶ 7.
[5]     *Id.* at ¶ 13.
[6]     Memo at p. 3.

Plaintiff's other suit.[7]  This Court will address Defendants' motion to transfer venue (Rec. Doc. 8) by separate report and recommendation.

## Applicable Standard

Federal district courts are courts of limited subject matter jurisdiction, possessing only such jurisdiction as is conferred by the Constitution and federal statutes.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. § 1333(1) provides that federal district courts also have

> original jurisdiction, exclusive of the courts of the States, of…[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Original jurisdiction over maritime claims arises not from the Constitution, but from Congressional enactment.  Thus, the Fifth Circuit instructs, maritime claims are not removable absent a separate, federal question or diversity basis for jurisdiction. *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) citing *Romero v. Int'l. Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959) (abrogated

---

[7]  Memorandum in Support of Motion to Transfer Venue (Rec. Doc. 8-2) at p. 3.

3

on other grounds). Application of this maxim results in the removability of savings to suitors claims when an independent jurisdictional basis exists.

28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). The presence of removal jurisdiction is assessed by evaluating the facts and pleadings at the time of removal. *In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014). Ambiguities regarding removal jurisdiction should be resolved against the exercise of federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

> [W]hile federal courts ordinarily look only to the plaintiffs' pleadings in determining whether a Jones Act claim has been stated, defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal. The facts that Jones Act claims are not ordinarily removeable does not prevent this inquiry.

*Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

## Analysis

Plaintiffs' motion for remand is primarily based on the contention that their Jones Act claims are not removeable. (Rec. Doc. 13-1 at pp. 5-6). This Court disagrees. Although Jones Act claims, brought pursuant to the savings to suitors

clause, are not removeable under the general maritime jurisdiction of federal courts, such claims may be removed when a separate jurisdictional basis exists. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

This Court finds such independent jurisdictional basis exists in this case. Defendants' notice of removal asserts:

> [t]he Vessel was located above the OCS at Green Canyon Block – 97 off the coast of Louisiana at the following coordinates: 27°50'39.4" N, 91°29'1.3" W…the Vessel was directed connected to the OCS seabed by a drill pipe/riser connect to the BOP, which was connect /sic/ to the wellhead that was connected to the casing. The casing was in contact with the seabed and OCS sea floor…engaged in operations involving exploration and production of minerals on the OCS.[8]

The Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*, "allocates[s] to the federal government 'jurisdiction, control, and power of disposition' over 'the subsoil and seabed of the Outer Continental Shelf.'" *Barker*, 713 F.3d at 213 (5th Cir. 2013) quoting 43 U.S.C. § 1332(1). OCSLA's broad jurisdictional grant includes "all installations and other devices permanently or temporarily attached to the seabed…for the purpose of exploring for, developing, or producing resources therefrom." 43 U.S.C. § 1333(a)(1). "A plaintiff does not need to expressly invoke OCSLA in order for it to apply." *In re Deepwater*

---

[8] Notice of Removal (Rec. Doc. 1) at ¶ 24.

*Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (quoting *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013)).

Although sometimes conflated by courts considering application of this law, OCSLA's jurisdictional grant and the choice-of-law provisions are two independent functions. *Barker*, 713 F.3d at 220 (quoting Kenneth G. Engerrand, *Primer of Remedies on the Outer Continental Shelf*, 4 LOYOLA MAR., L.J. 19, 25 (2005)); *Broussard v. John E. Graham & Sons*, 798 F.Supp. 370, 373 (M.D. La. 1992). In *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340 (5th Cir. 1999), the Fifth Circuit announced three factors district courts must consider when determining whether a particular case falls within the federal question jurisdiction conferred by OCSLA:

> (1)  do the facts underlying the complaint suggest the injury occurred on an included situs;
>
> (2)  was the employee plaintiff engaged in furthering mineral development, extraction, or transportation on the OCS; and
>
> (3)  would the plaintiff's injury have occurred, but for his employment?

*Id.* at 351-52.

Plaintiffs' complaint alleges Crochet suffered cardiac arrest and died aboard the M/V WEST NEPTUNE, a drillship owned by defendant Seadrill.[9] Plaintiffs'

---

[9] Complaint at ¶¶ 4, 6.

complaint further alleges the Vessel was positioned "in navigable waters of the United States in the Gulf of Mexico off the coast of Louisiana."[10]

Defendants' notice of remand provides further detail as to the Vessel's location, as cited above. Defendants' allegations concerning these jurisdictional facts are supported by the declaration of Michael James Brooks ("Brooks"), designated as the "Rig Manager" of the Vessel on the date at issue.[11] Plaintiffs do not refute these facts. Considering the occurrence of Plaintiff's injury aboard the Vessel and the position of the Vessel, connected to the OCS and located in navigable waters off the coast of Louisiana, this Court finds the situs requirement fulfilled for OCSLA jurisdictional purposes.

Similarly, Defendants elaborate on the work performed by the Vessel on the date in question. Brooks' declaration further attests the Vessel was engaged in "plug and abandon" work, which specifically involved "the process of cutting and removing 13' 3/8" casing.[12] Plaintiff does not dispute Defendants' contention that the Vessel was engaged in plug and abandon work in conjunction with oil and gas drilling operations at the aforementioned location on the OCS. Considering these facts, indicating Crochet was engaged in the extraction of oil and gas on the OCS

---

[10] *Id.* at ¶ 4.
[11] Declaration of Brooks (Rec. Doc. 1-2).
[12] Declaration of Brooks at ¶ 6, citing "Exhibit B" (Rec. Doc. 1-2 at p. 4), "IADC Official Daily Drilling Report Form" dated March 18, 2021.

7

at the time of his injury, this Court finds the status requirement fulfilled for OCSLA jurisdictional purposes.

Finally, this Court finds the but-for causation allegation to be sufficient in this matter to satisfy the third requirement of OCSLA jurisdiction. Plaintiffs' complaint alleges Crochet died as a result of the negligence of personnel and supervisors aboard the Vessel.[13] Thus, by Plaintiffs' own allegation, but for Crochet's employment aboard the Vessel on the date in question, his death would not have occurred. Based on Plaintiffs' allegations, this Court finds the third requirement of OCSLA jurisdiction is met in this case.

Considering the foregoing, this Court now concludes that Plaintiffs' suit is properly within the court's federal question jurisdiction under the OCSLA. Moreover, this Court's jurisdiction over Plaintiffs' claims does not depend upon Crochet's Jones Act status, since OCSLA applies according to the facts as of the time of removal. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 221 (5th Cir. 2013). In so finding, this Court expressly rejects Plaintiffs' argument regarding the interrelated nature of their Jones Act and admiralty claims. Plaintiffs assert that their suit is rendered non-removeable by the inclusion of Jones Act claims since their admiralty claims are not "separate and independent" from those Jones Act claims. (Rec. Doc. 19 at pp. 4-5). The cases cited by Plaintiffs in support of this

---

[13]   Complaint at ¶¶ 5-6, 8-12; Memorandum at p. 2.

argument were decided prior to the 2011 amendment to 28 U.S.C. § 1441(c), which no longer requires a "separate and independent" analysis. *Garza v. Phillips 66 Co.*, 2014 WL 1330547 *5 (M.D. La. 4/1/2014) (rejecting an argument in favor of remand based on "separate and independent" reasoning as inapplicable in light of 2011 amendment to 28 U.S.C. § 1441(c)). Similarly, the undersigned notes the well-settled principle that *in rem* actions against vessels are assigned to the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1333(1). *Finney v. Board of Commissioners of Port of New Orleans*, 575 F.Supp.3d 649, 664 (E.D. La. 2021) ("§ 1333 does grant federal courts original jurisdiction – and indeed, exclusive jurisdiction – over *in rem* claims. Accordingly, *in rem* claims are 'civil actions[s]…of which the district courts…have original jurisdiction,' and are removeable under § 1441(a) because the current version of § 1441(b) does not 'expressly provide[ ]' otherwise.").

    This Court also rejects Plaintiffs' assertion that remand is warranted simply on the basis that Defendants failed to allege "fraudulent joinder," as Plaintiffs narrowly interpret the term. Rather, Defendants' notice of removal clearly alleges Plaintiffs' claims under the Jones Act are not viable based on Crochet's work history. No malice need be alleged. Instead, Defendants are simply required to prove there is no possibility that Crochet enjoyed seaman status at the time of his death. In such instances, as here, federal courts may conduct a summary

judgment-like proceeding to determine the sufficiency of Jones Act claims. *Hufnagel*, 182 F.3d at 345. The Court will undertake such an analysis if it determines transfer to the Eastern District of Louisiana pursuant to Defendants' motion to transfer (Rec. Doc. 8) is not proper.

## Conclusion

For the reasons discussed herein, this Court recommends Plaintiffs' motion to remand (Rec. Doc. 13) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*,

79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

SIGNED this __19th__ day of September, 2022 at Lafayette, Louisiana.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE