UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHERYL CROCHET ET AL**          **CASE NO.  6:22-CV-01076**

**VERSUS**                        **JUDGE S. MAURICE HICKS, JR.**

**SEADRILL AMERICAS INC ET AL**   **MAGISTRATE JUDGE DAVID J. AYO**

**REPORT AND RECOMMENDATION**

Before the Court is a motion for transfer of venue filed by defendants Frank's International, LLC ("Frank's"). (Rec. Doc. 8). Plaintiffs oppose the motion. (Rec. Doc. 14). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion before the Court be GRANTED.

**Factual Background**

Plaintiffs are the surviving spouse and daughter of Christopher Crochet ("Crochet"), who died aboard the M/V WEST NEPTUNE ("Vessel") on March 18, 2021.[1] Plaintiffs allege that on that date, Crochet was a Jones Act seaman employed by defendant Franks Oilfield Services, LLC ("Franks") and was also a Jones Act employee of defendants Seadrill Americas, Inc. ("Seadrill") and LLOG Exploration Company, LLC, and/or LLOG Bluewater Holdings, LLC ("LLOG") when, on or about March 18, 2021, he began to experience symptoms of a heart attack.[2] Plaintiffs claim Crochet repeatedly reported his symptoms to employees and supervisors aboard the Vessel, but

---

[1] Complaint (Rec. Doc. 1-1) at ¶¶ 3 – 4.
[2] *Id.* at ¶¶ 3 – 4.

his requests for medical attention went unanswered until he finally succumbed to cardiac arrest and died aboard the Vessel.[3]

Plaintiffs filed simultaneous, identical suits against Franks, Seadrill, LLOG, and their respective insurers in Louisiana's Fifteenth ("Lafayette suit") and Twenty-Second ("St. Tammany suit") Judicial District Courts, asserting claims against Defendants pursuant to the saving to suitors clause, 28 U.S.C. § 1333(1). Plaintiffs assert claims under the law of admiralty or, alternatively, the Longshore Harbor Workers Compensation Act ("LHWCA").[4] 33 U.S.C. §901, *et seq*. Plaintiffs further assert the alternative theories of negligence under Louisiana law and 33 U.S.C. § 905(b).[5]

On April 22, 2022, Defendants removed each suit to the federal district court encompassing each original state court venue.[6] The resulting identical federal suits are now pending before this Court and the U.S. District Court for the Eastern District of Louisiana. The suit pending before the Eastern District of Louisiana was stayed pending resolution of all pending motions in the instant case. *Crochet v. Seadrill Am's, Inc.*, Civil Action 22-1103, 2022 WL 2160364 (E.D. La. Jun. 15, 2022) (Order and Reasons granting Plaintiffs' motion to stay).

By Judgment dated November 7, 2022, the Court adopted the Report and Recommendation previously issued in this case, thereby denying Plaintiffs' motion for remand of the instant case to the Fifteenth Judicial District Court. (Rec. Doc. 25). Having determined that the Court possesses jurisdiction over Plaintiffs' claims in this suit, this Court now addresses Defendants' pending

---

[3]   *Id.*
[4]   Complaint at ¶ 7.
[5]   *Id.* at ¶ 13.
[6]   Notices of Removal at Rec. Doc. 8-5, 8-6.

motion for transfer of this suit to the Eastern District of Louisiana for consolidation with Plaintiffs' other, now stayed, suit.

## Law and Analysis

28 U.S.C. § 1404(a) permits transfer of a civil action "[f]or the convenience of parties and witnesses, in the interest of justice…to any other district or division where it might have been brought or to any district or division to which all parties have consented." When presented with a motion to transfer venue under § 1404(a), the Court analyzes the public and private interest factors adopted by the Fifth Circuit in *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II"). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id*. at 312. Consideration of the public and private interest factors then follows since these factors are directed to "the convenience of the parties and witnesses" and "the interest of justice[.]" *Id.* at 315.

Defendants' motion seeks transfer of this case to the Eastern District of Louisiana. Thus, the Court must first determine whether the proposed destination venue is a proper venue for this suit. Venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiffs assert proper venue in the Western District of Louisiana based on their Lafayette Parish domicile, which was also Crochet's parish of domicile. (Rec. Doc. 14 at 1). Defendants argue that Plaintiffs' and Crochet's residence in the Western District of Louisiana does not impart proper venue under § 1391. (Rec. Doc. 20 at 1-2). Defendants assert that the Western District of Louisiana is not a proper venue, regardless of its convenience under § 1404(a). Specifically, Defendants point out that the only defendant residing in Louisiana is Franks, located in Lafayette Parish. Defendants assert Franks was fraudulently joined, as no viable Jones Act claim exists as to this defendant. Excluding Franks, Defendants conclude no basis for venue in the Western District of Louisiana exists under § 1391. This Court agrees with Defendants' analysis but notes Plaintiffs are not required at this stage to prove the viability of their claims against Franks.

As dictated by § 1404(a), this Court must concern itself with whether the proposed transferee venue is one in which proper venue lies under § 1391. This Court finds that the Eastern District of Louisiana is, in fact, a proper venue because (1) defendant LLOG, as to whom no allegation of improper joinder is made, resides in the Eastern District of Louisiana, and (2) the parties do not dispute that Crochet's death occurred off the coast of Louisiana in an area encompassed within the Eastern District of Louisiana or that his autopsy was performed in Raceland, Louisiana, also within that district. 28 U.S.C. § 1391(1) – (2). Additionally, this Court notes Plaintiffs' own vote of confidence in the Eastern District Court as a proper venue, based on the filing of an identical suit in that district. Accordingly, this Court concludes venue exists in the Eastern District of Louisiana in this case.

Having determined venue is proper in the Eastern District of Louisiana, the analysis now focuses on the public and private interest factors first announced in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and adopted by the Fifth Circuit in *In re Volkswagen of America, Inc.*

("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")).  The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized disputes decided at home; (3) the familiarity of the forum with the law governing the case; and (4) the avoidance of unnecessary problems arising from conflicts of laws.  The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of subpoena power to compel witness attendance; (3) the cost of attendance for willing non-party witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Id.*  The Court's analysis seeks to determine whether the transferee venue is "clearly more convenient."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).  The *Gilbert* factors are neither exhaustive, nor individually dispositive.  *Volkswagen II*, 545 F.3d at 315 (citing *Action Indus., Inc. v. U.S. Fe. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal quotation marks omitted)).

Beginning with the public interest factors, the Court considers "administrative difficulties flowing from court congestion."  *Volkswagen II*, 545 F.3d at 315.  Here, the Court must consider any known differences in court congestion as between this district and the Eastern District of Louisiana.  Neither party addresses this factor, nor is this Court aware of any consequential differences in court congestion between courts.

Next, the Court must consider any localized interests in deciding local disputes within its own district.  *Id.* at 315, 317-18.  Defendants point out that the events giving rise to this suit occurred off the coast of and in Lafourche Parish, located in the Eastern District of Louisiana. (Rec. Doc. 8-2 at 6).  Similarly, Plaintiffs allege their claims are localized as to the Western District, since all Plaintiffs are domiciled in Lafayette Parish.  Plaintiffs also argue that Franks, Plaintiff's "direct employer," is domiciled in Lafayette Parish, making resolution of Plaintiffs'

claims against them a "localized" dispute. (Rec. Doc. 14 at p. 7). One of the most important aspects of this factor is the place where the alleged wrongs occurred. *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016). Also important are the locations of witnesses and the Plaintiffs' residence. *Volkswagen II*, 545 F.3d at 317-18. In this case, the location of all events giving rise to this suit lies within the Eastern District of Louisiana. Moreover, this Court envisions more potential witnesses in this case being domiciled in that district. Plaintiffs point to no non-party witnesses who reside in the Western District of Louisiana. Accordingly, this Court finds the second public interest factor to weigh in favor of transfer.

The third and fourth public interest factors, the familiarity of the forum with the law that will govern this case and the avoidance of unnecessary conflicts of law are, as posited by both parties, equal across the Eastern and Western Districts of Louisiana. Rec. Docs. 8-2 at p. 7, 14 at p. 7).

Addressing the private interest factors, this Court first examines the relative ease of access to sources of proof. Defendants urge transfer based, in part, on the location of the ship, medical facility and coroner in the Eastern District of Louisiana. (Rec. Doc. 8-2 at p. 5). Plaintiffs argue that no access to the ship as a source of proof is indicated in this suit and medical records are easily transmitted electronically, rendering the location of these sources moot. (Rec. Doc. 14 at p. 7). This Court finds that a greater number of sources of proof are located within the Eastern District of Louisiana. Plaintiffs point to no sources, save the party Plaintiffs and defendant Franks, that reside in the Western District of Louisiana. Accordingly, this factor weighs in favor of transfer.

Similarly, this Court finds the second private interest factor to favor transfer. Defendants point to the greater volume of non-party witnesses in the Eastern District, as compared with the Western District. (Rec. Docs. 8-2, 20). Plaintiffs equivocate, raising the Eastern District's lack of

subpoena power over non-party witnesses within the Western District. (Rec. Doc. 14 at 5). The only likely non-party witness specifically identified by either party is the Lafourche Parish Coroner, Dr. King, who resides within the Eastern District of Louisiana. As such, this Court determines that more non-party witnesses reside in the Eastern District, giving that venue superior subpoena power over likely non-party witnesses in this case.

The third private interest factor regards the cost of attendance at trial for willing witnesses. Defendants point to New Orleans' international airport as a key cost-driver, asserting that this facility offers the less expensive and more direct route for potential willing witnesses. (Rec. Doc. 8-2 at p. 5). Plaintiffs allege Lafayette's own airport offers a similarly inexpensive and efficient route for such witnesses. (Rec. Doc. 14 at p. 5). Again, the only non-party witness specifically identified is Dr. King, Lafourche Parish Coroner. Assuming Dr. King is willing to attend the trial of this matter, his cost would be diminished if the trial were held in the Eastern District of Louisiana. Given that the instant venue is located more than 100 miles from Dr. King's domicile in Lafourche Parish, this Court finds this factor weighs in favor of transfer.

The fourth and final private interest factor encompasses "all other practical problems that make the trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*). Practical problems include those that are rationally based on judicial economy. *Id.* at 1351-52. Where, as here, duplicative suits are filed, judicial economy is best served by transfer of one suit to the other venue. Similarly, when no motion to transfer is pending before the other venue – here, the Eastern District of Louisiana – the weight of judicial economy as a factor is heavy. *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761 (E. D. Tex. 2009). Moreover, this Court observes that, while Plaintiffs are not compelled at this stage to demonstrate the merits of their Jones Act claim as to defendant Frank's, later review of this question may result in dismissal

of this defendant, at which time no basis for venue in this district would exist under § 1391. Considering this possibility, judicial economy weighs in favor of transfer.

## Conclusion

For the reasons discussed herein, the Court recommends Defendants' motion for transfer of venue (Rec. Doc. 8) be GRANTED and, accordingly, the instant suit be transferred to the United States Court for the Eastern District of Louisiana and, specifically, to the docket of U.S. District Judge Mary Ann Vial Lemmon, before which Plaintiffs' identical suit remains pending.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 19th day of December, 2022.

_____
DAVID J. AYO
**UNITED STATES MAGISTRATE JUDGE**